UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN NICHOLAS WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1352** |
| **ORLEANS PARISH PRISON, ET AL.** | **SECTION "C" (3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Brian Nicholas Washington, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the Orleans Parish Prison and Sheriff Marlin Gusman.

On June 24, 2015, the undersigned United States Magistrate Judge scheduled a preliminary conference in the matter for July 23, 2015. Because plaintiff is no longer incarcerated,[1] he was ordered to contact the undersigned's chambers no later than July 21, 2015, to provide a telephone number where he could be reached for that conference. Plaintiff was expressly warned that if he failed to provide that information as ordered and failed to participate in the conference, the undersigned would recommend that his claims be dismissed for failure to prosecute.[2] Despite that warning, plaintiff failed to provide a contact number for the conference, failed to otherwise participate in the conference, and failed to contact the Court in any manner regarding the conference. Accordingly, it is appropriate to dismiss plaintiff's claims.

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 14.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's claims for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiff failed to comply with this Court's order to provide a contact number for the preliminary conference, failed to participate in that conference, and failed to contact the Court in any manner regarding that conference. Due solely to plaintiff's inaction, this Court has no way advance his case.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiffs claims be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-third day of July, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**